[No. 5549.]
[No. 3225 C. A.]

## BERGMANN v. KOERNIG.

**Appellate Practice—Assignments of Error—Sufficiency.**

Assignments of error based upon rulings in the admission and rejection of evidence, which do not refer to the folio number of the transcript where the rulings appear, will not be considered on appeal.—P. 84.

*Appeal from the County Court of the City and County of Denver.*

*Hon. H. V. Johnson, Judge.*

Proceedings for the allowance of the claim of Theodore Koernig against the estate of Anna Bergmann. From a judgment for claimant allowing the claim, Theodore Bergmann, executor, appeals.

*Affirmed.*

Mr. ENOS MILES, for appellant.

No appearance for appellees.

Mr. JUSTICE GODDARD delivered the opinion of the court:

On July 27, 1904, Theodore Koernig filed a verified claim against the estate of Anna Bergmann, deceased, for "general services as nurse, cook and general help, from Jan. 7, 1903, to Sept. 11, 1903, at Twenty Dollars ($20) per week—$710.00." On September 26, 1904, upon trial to the court, $215.00 was allowed as a fourth-class claim.

From the ruling of the court allowing this claim the executor of the estate prosecutes this appeal, and predicates his right to a reversal of such ruling upon the ground that the allowance was unwarranted by the evidence; that although it is conceded that the claimant rendered the services charged for, it does not show that he was to receive any compensation

therefor other than his board and lodging. There is no competent testimony to show an express employment of the claimant by the deceased, and no testimony to show an agreement on the part of the claimant that he would render services in consideration of his board and lodging.

The court below, we think, was justified, in view of all the testimony, in holding that it could not be presumed that claimant rendered the services for nothing. Upon conflicting testimony as to the value of the services, it found that claimant was entitled to $30.00 per month for the time he was engaged in the service of deceased which, less an admitted credit, amounted to $215.00.

The assignments of error based upon the rulings of the court in the admission and rejection of evidence do not refer to the folio number of the transcript where such rulings appear, and will, therefore, not be considered.

We can perceive no reason for disturbing the ruling of the court below.

The judgment will be affirmed.          *Affirmed*.

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.